# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ronald J. Allison, | Case No. 2:21-cv-01321-JAD-NJK |
| Plaintiff | |
| v. | **Order Dismissing and Closing Case** |
| CCDC, et al., | |
| Defendants | |

Plaintiff Ronald J. Allison brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at the Clark County Detention Center. On July 19, 2021, this Court ordered the plaintiff to file a complaint in compliance with Local Special Rule 2-1 ("LSR 2-1") and either pay the $402 filing fee or file a complete *in forma pauperis* application by September 14, 2021.[1]  On July 26, 2021, the Court's July 19, 2021, order was returned as undeliverable from the Clark County Detention Center.[2]  Plaintiff has failed to apprise the Court of his updated address.[3]  The September 14, 2021, deadline expired without the submission of a complaint in compliance with LSR 2-1 or the filing of an application or payment of the filing fee.

---

[1] ECF No. 3.

[2] ECF No. 4.

[3] Nevada Local Rule of Practice IA 3-1 states that a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number.  The notification must include proof of service on each opposing party or the party's attorney.  Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."  Nev. Loc. R. IA 3-1.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4]   A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5]   In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.   The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7]   A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[8] and that warning was given here.[9]   The fourth factor—the public

---

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No 3 at 3.

policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file a complaint in compliance with LSR 2-1 and an application to proceed *in forma pauperis* or pay the filing fee as ordered.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other documents may be filed in this now-closed case.**  If Ronald J. Allison wishes to pursue his claims, he must file a complaint in compliance with LSR 2-1 in a <u>new</u> case, and he must either pay the $402 filing fee or file a complete *in forma pauperis* application in that new case.

Dated: October 13, 2021

_____
U.S. District Judge Jennifer A. Dorsey